## Case No. 18,114.

### WYMAN et al. v. FOWLER.

[3 McLean, 467.] [1]

Circuit Court, D. Michigan. Oct. Term, 1844.

DECLARATION IN ASSUMPSIT—SURPLUSAGE.

1. If a count in a declaration contains sufficient averments, surplusage will not vitiate it.

2. Goods received, which are to be sold at certain prices, or the goods returned on demand; if sold, and the money received, no special demand need be alleged.

3. If the action were for a failure to return the goods, a special demand necessary.

At law.

Mr. Howard, for plaintiffs.
Mr. Frazer, for defendant.

McLEAN, Circuit Justice. This is an action of assumpsit. The defendant demurs to the seventh and eighth counts in the declaration. The seventh count charges that the plaintiffs agreed to deliver to the defendant, "a certain quantity of goods and merchandise, described in certain invoices, amounting to the sum of nine hundred and twenty dollars and forty-seven cents, on consignment, on terms that the defendant should account for all articles sold at prices named in said invoices, or to return and redeliver said goods to the plaintiffs, when demanded by the plaintiffs, without commissions." The goods were delivered to the defendant, and the declaration avers, that they were sold on the 1st of August, 1842, at the prices named in the invoices, and that the sum of nine hundred and twenty dollars and forty-seven cents, was received by the defendant. The breach alleges, that the money has not been paid nor the goods returned.

The following grounds of demurrer are assigned:

1. "No averment that the defendant had made collections from the sale of the goods." The declaration states, that the goods had been sold for the prices stated in the invoices, and the money received; consequently, there was no necessity for the above averment.

2. "That no special demand or request was made to account with plaintiffs for said goods or their avails." Had the goods not been sold, and the action were brought for a

failure to return them, a special demand must have been averred, as by the contract the goods were to be returned on demand being made. But the sale of the goods, as averred, rendered this demand unnecessary. The goods having been sold, could not be returned. The general request is sufficient for the money received.

3. "No substantial cause of action, promise or undertaking, set forth in this count on the part of the defendant; and the breach in the declaration is insufficient, and not coextensive with the alleged agreement." There is a cause of action in the delivery of the goods for sale, and an allegation of their sale, at the prices agreed upon, and the receipt of the money. The breach alleges the non-payment of the money, or the return of the goods. As the goods were sold, it was not necessary to allege in the declaration that they were not returned. And this part of the breach may be considered as surplusage, and be disregarded. The other breach covered the contract, by averring that the defendant had not done that which, by the contract, he was bound to do.

4. That the bills referred to in the count are not set forth, nor the particular goods sold. In this respect, the count is not defective. A general description is sufficient. There is unnecessary verbiage in the count, but there is enough in it to sustain the action.

The eighth count is for an invoice of goods sold, amounting to the sum of four hundred and seventy-one dollars and thirty-four cents, delivered to the defendant on the same terms as stated in the seventh count. And as the eighth count is similar to the seventh, and the grounds of demurrer substantially the same as the above, they will not be further examined. The demurrer to both counts is overruled.